# SERCARZ & RIOPELLE, LLP

810 SEVENTH AVENUE, SUITE 620
NEW YORK, NEW YORK 10019
P (212) 586-4900
F (212) 586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

———

ROBERT CALIENDO
GIULIANA E. GRAHAM

*ADMITTED IN NY & NJ

June 1, 2015

**BY ECF**

Hon. Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: _U.S. v. DiScala_, et al., 14 CR 399 (ENV)

Dear Judge Vitaliano:

I write to submit the enclosed stipulation and order for the Court's signature. The enclosed stipulation has now been signed by all parties, and I respectfully request that the Court "So Order" this stipulation at the signature line provided, and then instruct the Court's Deputy to file it. The reasons for this request are as follows.

As the Court is well aware from last Friday's conference, the document seizures and productions in this case are massive. My client Ms. Cane is an attorney, and her cellphone was seized during the investigation of this case. Its contents include approximately 55,000 different items, including stored texts and emails. At least some of these items are privileged, because they relate to communications between my client and her clients, in connection with transactions that had nothing to do with the transactions at issue in the above-referenced indictment.

To date, the government has been reviewing the contents of Ms. Cane's cellphone through a "taint team," and Ms. Cane and I have been reviewing the contents of Ms. Cane's cellphone for the purpose of identifying privileged items that should not be disclosed to Ms. Jones and the other members of the government's trial team. While everyone has been working diligently, I'm sure the Court can understand

that Ms. Cane and I are concerned that, despite our best efforts, we might fail to identify a privileged communication as we sift through the enormous amount of material – much of it the typical flotsam and jetsam of life – stored on Ms. Cane's cellphone.

For this reason, we asked the government and counsel to our co-defendants to enter into the enclosed proposed stipulation and order. The enclosed stipulation and order simply provides in substance that Ms. Cane will not waive her right to object to any evidence derived from her cellphone on the grounds of privilege, provided that she makes her objection in a timely manner.

The government and all of Ms. Cane's co-defendants have signed this stipulation, and it is submitted to the Court for it to "So Order," and file. Once the Court has signed and filed the enclosed stipulation, Ms. Cane and I will be in a position to complete our review of the materials stored on her cellphone and authorize the government's "taint team" to disclose the bulk of the materials on the cellphone to the government's trial team.

Respectfully submitted,

Roland G. Riopelle

Enc.

Cc: All Counsel (By ECF)

2