# BRUNO & DEGENHARDT, P.C.
## ATTORNEYS AT LAW

CHRISTOPHER BRUNO
ADMITTED N.Y., D.C. AND VA.

10615 JUDICIAL DRIVE, SUITE 703
FAIRFAX, VIRGINIA 22030
TELEPHONE (703) 352-8960
FACSIMILE (703) 352-8930

JANE DEGENHARDT BRUNO
ADMITTED N.Y. AND D.C.

December 12, 2018

**Application Granted**
**SO ORDERED**
Brooklyn, New York
Dated: JAN 0 8 2019

s/ENV

Eric N. Vitaliano
United States District Judge

**VIA ECF**
The Honorable Eric N. Vitaliano
United States Senior District Judge
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *U.S. v. Abraxas J. Discala, et al.*, 14-CR-00399 (ENV)
<u>Defendant Darren Ofsink's Request to Accept Employment</u>

Dear Judge Vitaliano:

We represent Defendant Darren Ofsink in the above-referenced matter. Mr. Ofsink respectfully requests the Court's permission to accept an offer of employment that would require weekly travel outside the geographical areas set as a condition of his bail. The offer of employment would entail the performance of services by Mr. Ofsink both prior to and after sentencing, including a resumption of employment after any term of incarceration imposed by the Court. Counsel has discussed Mr. Ofsink's request with Government Counsel and the Government suggested that we file this submission for the Court's consideration.

Mr. Osink has received an offer of employment from Castle Creek Partners, LLC ("Castle Creek Partners"), a parent entity which owns and invests in real estate located between North Miami, Florida and Vero Beach Florida. The entity principally buys tax liens, tax deeds and foreclosures in connection with properties located on the East Coast of Florida. Castle Creek Partners currently has significant commercial and residential real estate which it holds for long-term investment and development, including a valuable parcel at a deep-water port in Florida. In addition, it also owns interests in several businesses, including a paper and plastic recycling facility and business in Fort Pierce, Florida in which it has a 50% interest.

Until recently, Castle Creek Partners was owned by two long-term business partners, John Katsock, Jr.[1] and Norman Zlinkoff. Unfortunately, Mr. Zlinkoff passed

---

[1] As we discussed with the Government, in 2003, Mr. Katsock was barred from serving as a broker in the securities industry for failing to put in writing a sell recommendation that

away in November 2018. Mr. Katsock remains the sole owner of Castle Creek Partners and it is contemplated that Mr. Ofsink would step in and help manage the entity's real estate holdings and sell off certain properties due to the void created by Mr. Zlinkoff's death.

In approximately 2011, Mr. Ofsink, who owns a home in South Florida, met Mr. Katsock and Mr. Zlinkoff through an acquaintance. Thereafter, Mr. Ofsink periodically provided legal services on behalf of Castle Creek Partners. Although Mr. Ofsink was primarily a securities attorney, he did provide guidance to the partners in connection with non-securities legal matters, such as investments that were made in a number of private placements and loans extended by the partnership, as well as providing referrals for attorneys to handle the entity's commercial litigation needs. Further, on a personal level, the partners entrusted Mr. Ofsink with a copy of their Living Trust.

As stated above, it is contemplated that Mr. Ofsink would assist in the management of Castle Creek Partners' real estate portfolio. In this capacity, Mr. Ofsink would be involved in the purchase of tax liens and certificates at auction, and he would specifically provide an analysis of identified properties for which tax liens or deeds are available, as well as properties in foreclosure. In addition, Mr. Ofsink will be responsible for assisting in the expansion of the existing recycling facility to include a medical waste facility. Depending on the success of the growth of the portfolio in conjunction with the amount of time he expends on these efforts, Mr. Ofsink could potentially earn approximately between $250,000 and $400,000 per year.

Messrs. Ofsink and Katsock had been discussing the possibility of employment for a number of months prior to Mr. Zlinkoff's illness and death. In November 2018, shortly after Mr. Zlinkoff passed away, Mr. Katsock met with Mr. Ofsink in New York to discuss the details of the prospective employment. On November 16, 2018, counsel spoke telephonically with Mr. Katsock in order to confirm his clear understanding of a number of significant issues. At the outset, Mr. Katsock confirmed the scope of services that Mr. Ofsink would provide to Castle Creek Partners as well as the range of his potential compensation. Most importantly, Mr. Katsock stated that he clearly understood that Mr. Ofsink had pleaded guilty in this District for conspiring to commit fraud, that the underlying conduct involved securities fraud and that Mr. Ofsink provided to the Court a detailed allocution describing his role in the scheme. Mr. Katsock also stated that he understood that Mr. Ofsink has been disbarred from practicing law and that he cannot provide legal advice to Castle Creek Partners. Mr. Katsock also confirmed that Mr. Ofsink's responsibilities would not entail any involvement in the securities industry.

---

he made to a client. In essence, Mr. Katsock verbally recommended to a number of his clients that they sell a certain stock prior to an anticipated decline in value. All of his clients, with the exception of one, heeded his advice and were able to avoid a loss on the position. The client who opted not to sell was awarded $371,000 in arbitration and Mr. Katsock essentially defaulted in the proceeding instituted by FINRA. Mr. Katsock paid in full the amount owed to the client and he has not been involved in the securities industry since 2003.

Finally, Mr. Katsock fully understands that Mr. Ofsink could be sentenced to a significant term of incarceration as a result of his conviction.

Although Mr. Katsock stated that the current plan is to reserve a position for Mr. Ofsink with Castle Creek Partners regardless of any term of incarceration imposed by the Court, he emphasized that it is nonetheless imperative for Mr. Ofsink to immediately commence employment as a "stop gap" created by the loss of his partner.

Mr. Ofsink is requesting the Court's permission to accept the offer of employment and to be permitted to travel to South Florida on Monday mornings and return to his family in New York on Friday evenings. To date, Mr. Ofsink has been fully compliant with the conditions of his release. In addition, on October 22, 2018, Mr. Ofsink made a payment of $52,000 toward his $291,000 forfeiture obligation. Supplemented by any funds that he could potentially earn from his role at Castle Creek Partners, we remain hopeful that Mr. Ofsink will be able to discharge his complete forfeiture obligation prior to sentencing.

As stated above, we have communicated with AUSA Shannon Jones and the Government suggested that we file this submission for the Court's consideration. In addition, Pretrial Officer Mallori Brady has been kept informed of the status of Mr. Ofsink's opportunity with Castle Creek Partners.

Thank you for your consideration regarding this request.

Respectfully submitted,

/s/
Christopher Bruno

cc: AUSA Shannon Jones (by ECF)
U.S. Pretrial Services Officer Mallori Brady (by email)